UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SARAH SOISSON, | § |
| Plaintiff, | § |
| v. | § C.A. No. 1:16-cv-580 |
| NUANCE COMMUNICATIONS, INC., | § |
| Defendant. | § |

**DEFENDANT NUANCE COMMUNICATIONS, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant Nuance Communications, Inc. ("Defendant" or "Nuance"), hereby gives notice that it is removing this civil action to the United States District Court for the Western District of Texas, Austin Division. In support of this Notice of Removal, Defendant shows the Court as follows:

**I.     PROCEDURAL ALLEGATIONS**

1.     On April 14, 2016, Plaintiff Sarah Soisson ("Plaintiff" or "Soisson") filed her Original Petition in the District Court of Travis County, Texas, 345th Judicial District, designated Case No. D-1-GN-16-001595 (Exhibit B)[1]. A copy of the docket sheet in the state court case is attached hereto (Exhibit A). Plaintiff alleged state law claims; however, Plaintiff did not indicate the amount in controversy. Removal is proper to this federal district and division because the original action occurred in and embraces Travis County, Texas. *See* 28 U.S.C. § 116(c).

---

[1] All exhibits and state court filings are listed in the attached Appendix in Support of Defendant's Notice of Removal.

**DEFENDANT NUANCE COMMUNICATIONS, INC.'S**
**NOTICE OF REMOVAL – PAGE 1**

2. Defendant timely filed special exceptions for nonconformance with Texas Rule of Civil Procedure 47, requiring designation of the amount in controversy, concurrent with its answer on April 26, 2016 (Exhibit E).

3. On May 10, 2016, Plaintiff filed her First Amended Petition (Exhibit F). In her First Amended Petition, <u>for the first time</u>, Plaintiff alleges an amount in controversy "not less than $200,000." These certified documents constitute all process, pleadings and orders thus far in this case.

4. Under 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely because it is filed within thirty (30) days[2] after Defendant received notice of a pleading "from which it may first be ascertained that the case is one which is or has become removable." *Id.*

5. Plaintiff has demanded a jury.

6. Defendant will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of same with the Clerk of the 345th Judicial District Court of Travis County.

## II.   BASIS FOR FEDERAL JURISDICTION

7. This Court has original jurisdiction over this action based on diversity of citizenship between the parties, in that every properly joined and served Defendant is now, and was at the time the action was commenced, diverse in citizenship from every Plaintiff.

8. Plaintiff is a resident of Travis County, Texas. *See* Exhibit B, ¶ 1. Nuance is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business located in Burlington, Massachusetts. A corporation is a citizen of both the state where

---

[2] No matter whether the Court considers the filing of Plaintiff's Original Petition or her First Amended Petition the date that triggered the deadline for removal, Defendant is filing this Notice of Removal within thirty (30) days of the filing of the Original Petition, which is on or before May 16, 2016, mooting the issue.

**DEFENDANT NUANCE COMMUNICATIONS, INC.'S**
**NOTICE OF REMOVAL – PAGE 2**

it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Thus, there is diversity of citizenship between Plaintiff and Defendant.

9. Furthermore, the amount in controversy in this case exceeds $75,000.00, exclusive of costs and interest.  In this case, it is facially apparent from Plaintiff's First Amended Petition that she seeks damages in excess of the $75,000.00 threshold. Plaintiff seeks monetary relief "not less than $200,000."  *See* Exhibit B, ¶ 16.  She also seeks attorneys' fees (*id*. ¶ 33), which increases the total amount of sought-after relief well above the minimum.  *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) ("When a statutory cause of action entitles a party to receive attorneys' fees, the amount in controversy includes those fees").

10. Because the posture of this action is wholly between citizens of different states at this time, and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

### III.     CONCLUSION AND PRAYER FOR RELIEF

ACCORDINGLY, for the reasons shown above, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332.  For the foregoing reasons, Nuance respectfully requests that this Court assume jurisdiction over this civil action and proceed with its handling as if it had been originally filed in the United States District Court for the Western District of Texas, Austin Division.

DATED this 16th day of May 2016.                    Respectfully submitted,

/s/ Earl M. (Chip) Jones, III
Earl M. (Chip) Jones, III
Bar No. 00790982
214.880.8127 Tel.
ejones@littler.com
Allison E. Moore
Bar No. 24077616
512.982.7250 Tel.
amoore@littler.com

**LITTLER MENDELSON, P.C.**
100 Congress Avenue, Suite 2000
Austin, TX 78701

ATTORNEYS FOR DEFENDANT
NUANCE COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was forwarded to the undersigned via CM, RRR and ECF notification on May 16, 2016 as follows:

Mark G. Lazarz
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Ste. 1515
Houston, TX 77046

/s/ Earl M. (Chip) Jones, III
Earl M. (Chip) Jones, III