# EXHIBIT B

4/14/2016 11:17:21 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-001595
Ruben Tamez

CAUSE NO. D-1-GN-16-001595 _____

| | | |
|---|---|---|
| SARAH SOISSON | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| NUANCE COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant. | § | 345TH _____ JUDICIAL DISTRICT |
| | § | |

# PLAINTIFF'S ORIGINAL PETITION

Plaintiff, **SARAH SOISSON**, files this Original Petition and shows:

## I.
## DISCOVERY LEVEL

Discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

1.      Plaintiff Sarah Soisson is an individual who resides in Travis County, Texas.

2.      Defendant Nuance Communications, Inc., is a Delaware corporation licensed to do business in the State of Texas, that may be served with process by serving CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## JURISDICTION AND VENUE

3.      This Court has jurisdiction because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

4.    Venue is proper pursuant to §15.001, et seq. of the Texas Civil Practice & Remedies Code.

## IV.
### FACTUAL BACKGROUND

5.    Plaintiff Sarah Soisson currently works as a Senior Consultant for Nuance Communications, Inc. in its Health Information Management Division. In such role, Soisson is responsible for providing revenue cycle consulting services to acute care hospitals.

6.    On September 25, 2015, Soisson's second-level supervisor, Jeff Wieters, sent an email to Soisson and others on her team regarding a project known as the "University Illinois Chicago audit." Per such email, Wieters admitted that he had closed the contract with the client and had immediately recognized "significant services revenue" knowing that the work was not complete and would not be complete for the immediate future. Such notice was of great concern to Soisson as she knew and had reasonable cause to believe that such action was violative of SEC regulations and other state and federal law.

7.    During her employment, Soisson was provided a copy of the Nuance Whistleblowing policy. Such policy (attached hereto) provides a written assurance to all employees that they "will not be at risk of any detriment" as a result of raising a genuine concern that a violation of the law has occurred or will occur. "Detrimental treatment" is defined as dismissal, disciplinary action, threats, or other unfavorable treatment regarding their employment. Also during her employment, Soisson was

2

promised by Nuance Legal that she would not be retaliated against for reporting in good faith a violation of the law.

8.      Relying on the representations made by Nuance, Soisson immediately reported the actions of Jeff Wieters and the improper revenue recognition to three (3) levels of management within her reporting structure at Nuance, as well as to Human Resources and to Donna Bonno Director, HIM Professional Services. Soisson also noted that the early reporting of revenue prior to meeting the necessary "milestone" was a systemic problem within Nuance.

9.      The very same day, on September 25, 2015, after reporting the improper revenue recognition issue, Soisson was taken off the "Commercial team" that she had been working on and placed on the "Government team."

10.      Within approximately one month after reporting the actions of Jeff Wieters to upper management, Soisson received her worst performance review since she has been employed with Nuance. Such review should have been performed by Soisson's immediate supervisor during the review period, Lisa Baris. However, such review was taken over and performed instead by Jeff Wieters. Such review was so poor that it greatly affected her bonus and her expected increase in salary.

11.      Subsequent to the review, Soisson raised her complaints again to Human Resources and to Nuance Legal.  In addition to the systemic revenue recognition issues Soisson also complained that she has been regularly asked to under-report her hours of work on various projects. Since raising her complaints, she has been retaliated against by being given unfair criticism of her work performance, being taken off a key work project for no legitimate reason, and being

told she was acting in an insubordinate manner toward Mr. Wieters when she asked for guidance on a new project. All of the actions taken by Nuance management have been designed to set up Soisson for termination.

12.    As a direct result of the retaliation, Soisson has experienced significant stress and anxiety which has caused her to seek medical attention. Such medical provider has recommended that Soisson take time off from work. Thus, Soisson has applied for FMLA leave and short term disability.

## V.
## CAUSES OF ACTION

### Misrepresentation/Detrimental Reliance

13.    Nuance represented in writing that Soisson would not be retaliated against for reporting what she in good faith believed to be violations of law by management. Soisson relied on such representation in making her reports. The representations were false as Nuance management has since retaliated against Soisson causing her significant damages.

### Breach of Contract

14.    Nuance agreed in writing and verbally that it would not taking any detrimental action against Soisson for reporting a violation of the law. Nuance breached such agreement by providing Soisson with a poor performance review which led to a failure to pay Soisson a proper bonus and a failure to adequately increase her salary. Soisson has also suffered detrimental action in the form of work assignments and harassment.

4

## VI.
## ATTORNEYS' FEES

15.     Pursuant to Section 37.001, et. seq. of the Texas Civil Practices & Remedies Code, Plaintiff seeks his reasonable and necessary attorneys' fees in collecting all amounts due and owing. Demand for all amounts due will have been made greater than thirty (30) days before trial.

## VII.
## DAMAGES

16.     Plaintiff seeks the following damages:

      (1)     Lost Bonus;

      (2)     Back pay and front pay;

      (3)     Mental Anguish;

      (4)     Attorneys' fees;

      (5)     Costs of court; and,

      (6)     Pre judgment and post-judgment interest.

The amount of Plaintiff's damages at the time of the filing of this petition is in excess of the minimum jurisdictional limits of this Court.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial hereof, Plaintiff recovers her actual and exemplary damages, plus reasonable attorneys' fees and costs of court and both pre- and post-judgment interest at the legal rate, and for such other and further relief, both general and special, at law and in equity, to which she may

show herself justly entitled under all attending facts and circumstances.  Plaintiff requests a jury trial.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

Mark G. Lazarz
TBA #12069100
11 Greenway Plaza
Suite 1515
Houston, Texas 77046
mlazarz@eeoc.net
Tel: (713) 621-2277
Fax: (713) 621-0993

ATTORNEYS FOR PLAINTIFF

**To:** Greenbaum, David
**Subject:** C T received Process (Log # 529018531) in Texas for Nuance Communications, Inc., DE - Paperless

*√Cal*

## CT Corporation: Service of Process Instant Notification

<u>Click Here</u> to access this service of process in real-time at <u>www.CTAdvantage.com</u>
<u>Click Here</u> to access this service of process in real-time at SOP Hub

David Greenbaum
Nuance Communications, Inc.
1 Wayside Rd
Burlington, MA, 01803-4609

| | |
|---|---|
| **PROCESS SERVED IN:** | Texas |
| **FOR:** | Nuance Communications, Inc.  (Domestic State: DE) |

**NOTICE OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY**

| | |
|---|---|
| **TITLE OF ACTION:** | SARAH SOISSON, Pltf. vs. Nuance Communications, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 345th Judicial District Court Travis County, TX, Case # D1GN16001595 |
| **NATURE OF ACTION:** | Misrepresentation/Detrimental Reliance - Breach of Contract |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/18/2016 at 11:15 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | by 10:00 A.M. on the Monday next following the expiration of twenty days after service |
| **ATTORNEY(S)/SENDER(S):** | Mark G Lazarz SHELLIST LAZARZ SLOBIN LLP 11 Greenway Plaza Suite 1515 Houston, TX, 77046 713-621-2277 |
| **SIGNED BY:** | C T Corporation System 1999 Bryan St Ste 900 Dallas, TX, 75201-3140 214-932-3601 |
| **ACTIONS:** | CT has retained the current log, Retain Date: 04/19/2016, Expected Purge Date: 04/24/2016 Image SOP Email Notification, David Greenbaum <u>david.greenbaum@nuance.com</u> Email Notification, Nancy Newark <u>nancy.newark@nuance.com</u> |

Please click <u>Here</u> to go to CTAdvantage.com to view the transmittal or copy and paste the following URL into your web browser.
http://www.ctadvantage.com/WebApps/App/SOP/SOPUpdateVerifiedEmail.aspx?WorksheetId=529018531

OR

If you are using SOP Hub (CT's new SOP application), please click <u>Here</u> to go to SOP Hub to view the transmittal or copy and paste the following URL into your web browser.
http://sop.ctadvantage.com/sophub/App/index.aspx#/search/BasicSearch/1/529018531

Information displayed on this notice is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

[x] ----------------------------------